**STATE of Missouri, Plaintiff–Respondent,**

v.

**Robert B. CRADER, Defendant–Appellant.**

No. 16232.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 13, 1989.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Judith C. LaRose, Columbia, for defendant-appellant.

MAUS, Judge.

A jury found defendant, Robert B. Crader, guilty of the class C felony of receiving stolen property. § 570.080. Specifically, the jury found the defendant retained a two-way radio having a value of at least $150.00, knowing or believing it to have been stolen, for the purpose of permanently withholding it from the owner. As a persistent offender, defendant was sentenced to imprisonment for seven years. Defendant's sole point on appeal is that the circuit court erred in not excusing a juror for cause.

During the voir dire examination, the prosecuting attorney outlined the general nature of the case. He told the panel that the state would present as many as four witnesses, including "Steven Burch who works with his dad in a company in Sikeston known as Burco Company which is a food vending company." When the prosecuting attorney asked the panel if anyone was familiar with any of the four named persons, the following transpired.

"JUROR WEBB: I know Bill Burch and his boys.

MR. SUMMERS: Are you familiar with them to the point that if Steve testified today would that [a]ffect your ability to listen to the evidence and make a decision on all the evidence rather than just his testimony?

JUROR WEBB: I don't believe so, you know, but like I say I've known them all my life, done business with them.

MR. SUMMERS: Would his testimony be testimony that you might tend to believe maybe more than somebody else that testified?

JUROR WEBB: I don't think so, you know; it could be, but I don't think so."

There was no further examination of prospective juror Webb. At the conclusion of the voir dire examination, the defendant's appropriately stated motion that Webb be excused for cause was denied.

The two-way radio in question was the property of Burco Company. Steven Burch did appear as an essential witness for the state. The tenor of the answers of prospective juror Webb is that he had a good relationship of long standing with the Burch family and that such relationship would favorably influence the credence he would place on the testimony of Steven Burch.

"An accused must be afforded a full panel of qualified jurors before he is required to expend his peremptory challenges. Failure of the trial court to grant a legitimate challenge for cause is reversible error. *State v. Stewart*, 692 S.W.2d 295, 298 (Mo. banc 1985); *State v. Hopkins*, 687 S.W.2d 188, 190 (Mo. banc 1985). Absence of an independent examination by the trial court justifies a more searching review by an appellate court of the challenged juror's qualifications."

*State v. Lingar*, 726 S.W.2d 728, 734 (Mo. banc 1987), cert. denied, 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987).

Many of the significant factors to be considered in determining if a defendant has been accorded such a "full panel of qualified jurors" have been summarized as follows.

"Consideration of each of the above cases compels the following conclusions. (1) Unequivocal statements of bias on issues such as the death penalty or an absolute expectation that an innocent defendant will testify require the trial court to strike a prospective juror. (2) After making equivocal answers on matters of credibility a prospective juror may be rehabilitated if the rehabilitation is responsive to the indications of partiality, providing there is a clear, unequivocal assurance that the juror would not be partial. (3) In reviewing for an abuse of discretion on a ruling an appellate court will determine whether the stated reason for the possibility of partiality remained relevant to the evidence and matters to be decided. (4) Where any question of partiality is raised, but not *directly* refuted by other answers and its application remains in the case in light of the evidence, then it is an abuse of discretion not to sustain a challenge for cause."

*State v. Edwards*, 740 S.W.2d 237, 243 (Mo.App.1987) (emphasis in original).

Prospective juror Webb did make equivocal answers concerning the credibility of Steven Burch. The court did not conduct an independent examination of prospective juror Webb's qualifications. A question of his partiality was raised and was not refuted by him in any subsequent answers.

That the defendant's point on appeal is well taken, is established by the following.

"Not once did Venireman McKay unequivocally state he could try the case impartially; at most, he said he would 'try' to be impartial. In these circumstances, judicial discretion required the challenge for cause be sustained and Venireman McKay replaced by another from the pool of readily available jurors. Failure to do so constituted reversible error."

*State v. Hopkins*, 687 S.W.2d 188, 191 (Mo. banc 1985).

"Trial judges should sustain challenges to jurors whose responses make questionable their impartiality. The time saved by not doing so is not worth the serious risk it involves to defendant's

right to an impartial jury, which, if violated, inevitably results in having to try the case over again."

*State v. Stewart,* 692 S.W.2d 295, 299 (Mo. banc 1985).

The judgment is reversed. See *State v. Campbell,* 739 S.W.2d 550 (Mo.App.1987). The cause is remanded for a new trial.

FLANIGAN, P.J., and PREWITT, J., concur.